IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISON

| | |
|---|---|
| STEVEN ALEXANDER RUSSELL, | ) CASE NO. 3:19-CV-01934 |
| | ) |
| Plaintiff, | ) |
| | ) MAGISTRATE JUDGE |
| | ) WILLIAM H. BAUGHMAN, JR. |
| v. | ) |
| | ) MEMORANDUM OPINION AND |
| COMMISSIONER OF SOCIAL SECURITY, | ) ORDER |
| | ) |
| | ) |
| Defendant. | |

Before me[1] is an action by Steven A. Russell under 42 U.S.C. § 405(g) and §1383 seeking judicial review of a June 8, 2018 decision by the Commissioner of Social Security that denied Russell's application for disability insurance benefits and supplemental security income.[2] The Commissioner has answered[3] and filed the transcript of the administrative proceedings.[4] Under terms of my initial[5] and procedural[6] orders, the parties briefed their

---

[1] The parties consented to my exercise of jurisdiction (ECF No. 16) and the matter was transferred to me by United States District Judge James G. Carr in a non-document order entered December 6, 2019.
[2] ECF No. 1.
[3] ECF No. 11.
[4] ECF No. 12.
[5] ECF No. 7.
[6] ECF No. 13.

1

positions,[7] filed fact sheets,[8] met and conferred with a goal of reducing the matters at issue[9] and participated in a telephonic oral argument.[10]

That said, however, I note initially by way of background that in 2018 the United States Supreme Court in *Lucia v. Securities & Exchange Commission*[11] ruled that ALJs of the Securities and Exchange Commission had not been appointed in a constitutionally valid manner and that cases involving such invalidly appointed ALJs must be remanded for *de novo* adjudication by a different, properly appointed ALJ.[12] In anticipation of similar challenges to decisions of Social Security ALJs, the Acting Commissioner of Social Security ratified the appointments of all Social Security ALJs on July 16, 2018.[13] As noted above, the ALJ in this matter entered a decision on June 8, 2018, or before the remedial ratification of her appointment.

Recently the Sixth Circuit decided a group of cases pertaining to this matter captioned as *Ramsey, et al. v. Commissioner of Social Security*.[14] *Ramsey* addresses the issue of whether claimants appealing from district court orders waived challenges to the constitutional legitimacy of the ALJs in their cases by failing to assert those challenges during the administrative proceedings.[15] The Court ruled that such appellants had not

---

[7] ECF Nos. 17 (Russell), 20 (Commissioner), 22 (Russell reply).
[8] ECF Nos. 17, Attachment 1 (Russell fact sheet, 21 (Commissioner fact sheet).
[9] ECF No. 23.
[10] ECF No. 25.
[11] 138 S.Ct. 2044 (2018).
[12] *Id*. at 2055.
[13] *Ramsey v. Comm'n of Soc. Sec*., 2020 WL 5200979, at 3, fn. 1 (6th Cir. 2020).
[14] *Id*. at 3.
[15] *Id*.

waived those challenges[16] and determined that these cases must be remanded for new administrative hearings before constitutionally appointed ALJs other than the ALJ who presided over the claimant's first hearing.[17]

Russell, like the claimants in *Ramsey*, had his claim denied by an invalidly appointed ALJ. Therefore, under the mandate of *Ramsey*, this matter is hereby remanded to the Social Security Administration for a new hearing of the underlying claim before a properly appointed ALJ other than the one who presided over the original hearing.

IT IS SO ORDERED.

Dated: September 30, 2020          s/William H. Baughman Jr.
                                   United States Magistrate Judge

---

[16] *Id*. at 12.
[17] *Id*. at 2.